A CERTIFIED TRUE COPY
ATTEST

By Jakeia Mells on Dec 02, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Dec 02, 2009**

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**IN RE: PAMIDRONATE PRODUCTS LIABILITY LITIGATION**          MDL No. 2120

**TRANSFER ORDER**

**Before the entire Panel**:  The Panel ordered the parties to show cause why the claims in nine actions involving drugs other than Aredia and/or Zometa and defendants other than Novartis Pharmaceuticals Corp. (Novartis) should not be centralized in a single district for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.  Specifically, the claims at issue involve generic equivalents to Aredia with the same active ingredient, pamidronate disodium (pamidronate).  The show cause order encompasses four actions in the District of District of Columbia, two actions each in the Middle District of Florida and the Southern District of New York, and one action in the Northern District of Florida as listed on Schedule A.[1]

All responding parties agree to centralization but disagree upon the appropriate choice for transferee district.  Defendants APP Pharmaceuticals, Inc., Bedford Laboratories, Hospira, Inc., Sandoz Inc., and Teva Parenteral Medicines, Inc., support centralization of the subject claims in the District of District of Columbia.  Plaintiffs in four District of District of Columbia actions support centralization of the subject  claims in the Southern District of New York.  Counsel for these plaintiffs represents that plaintiffs in the five other actions encompassed by the show cause order also support centralization in the Southern District of New York.

On the basis of the papers filed and hearing session held, we find that these nine actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All actions share factual questions relating to generic equivalents of Aredia, a brand name prescription drug.  Plaintiffs in all actions challenge the safety of these generic equivalents and allege that they developed osteonecrosis of the jaw (ONJ), or have a higher risk for developing ONJ, because of their infusion with those pharmaceutical products.  Centralization under Section 1407 will

---

[1]   The parties have identified a related action pending in the District of District of Columbia.  This action and any other related actions are potential tag-along actions.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We have selected the Eastern District of New York as an appropriate transferee district for this litigation. This district will provide an accessible metropolitan forum for this litigation, which is concentrated on the east coast. Centralization in this district also permits the Panel to effect the Section 1407 assignment to a judge who is not presently presiding over another multidistrict litigation docket.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Kiyo A. Matsumoto for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager |

**IN RE: PAMIDRONATE PRODUCTS LIABILITY LITIGATION**          MDL No. 2120

## APPENDIX A

District of District of Columbia

Laura Brooks v. Novartis Pharmaceuticals Corp., et al., C.A. No. 1:08-484
Dara Pace v. Novartis Pharmaceuticals Corp., et al., C.A. No. 1:08-634
Suzanne Eckblom, et al. v. Novartis Pharmaceuticals Corp., et al., C.A. No. 1:09-440
M. Margaret Patterson, et al. v. Novartis Pharmaceuticals Corp., et al., C.A. No. 1:09-441

Middle District of Florida

James E. Lockard, et al. v. Novartis Pharmaceuticals Corp., et al., C.A. No. 8:08-818
Susan Kahn v. Novartis Pharmaceuticals Corp., et al., C.A. No. 8:09-1529

Northern District of Florida

Ben J. Smith, et al. v. Novartis Pharmaceuticals Corp., et al., C.A. No. 1:09-13

Southern District of New York

Gary Dale Fry v. Novartis Pharmaceuticals Corp., et al., C.A. No. 1:09-7264
Evan Chandler v. Novartis Pharmaceuticals Corp., et al., C.A. No. 1:09-7265