# OSBORN LAW, P.C.

295 MADISON AVENUE
NEW YORK, NEW YORK 10017

DANIEL A. OSBORN
PHILIP J. MILLER
ADRIANNE J. LEVEN

TELEPHONE
212-725-9800

FACSIMILE
212-725-9808

January 25, 2010

**BY ECF**

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *In re: Pamidronate Products Liability Litigation,*
      Case No. 1:09-md-2120-KAM-JMG

      This relates to: Case No. 09-7264 (Fry) and
      Case No. 09-7265 (Chandler)

Dear Judge Matsumoto:

  We write on behalf of plaintiffs Gary Dale Fry and Evan Chandler in response to the January 19, 2010 letter from defendant APP Pharmaceuticals ("APP"). By its letter, APP asks permission to move to dismiss the Fry and Chandler cases on two grounds, one of which is that plaintiffs have failed to plead that APP's drug caused their injuries.

  Plaintiffs oppose APP's request for several reasons. First, their request is premature. The Fry and Chandler cases are now part of a multi-district litigation. The purpose of a multi-district litigation is to coordinate and complete pretrial proceedings common to all of the cases within the multi-district litigation including discovery and other pre-trial events. Motion practice directed at two individual cases is inconsistent with a multi-district proceeding.

  Second, but related, is that no discovery has been conducted. There are at least five manufacturers of generic pamidronate, most if not all of whom have been named as defendants. Plaintiffs have a good faith belief that each of the generic manufacturers may be responsible for their injuries. This belief is based on the fact that defendants, including APP, manufactured pamidronate during the

The Honorable Kiyo A. Matsumoto
January 25, 2010
Page 2

time that plaintiffs Fry and Chandler were infused with the drug. Plaintiffs expect that discovery will enable them to identify more precisely one or more manufacturers as the responsible parties.

Third, pamidronate is not prescribed and dispensed like ordinary prescription drugs. Users of pamidronate are not given a written prescription that is taken to a pharmacy to be filled. Rather, the patients generally go to an "infusion center" or medical facility, where they never see a written prescription and rarely, if ever, see a drug label or any other written materials about the drug. As a consequence, until discovery is commenced, it is extremely difficult for plaintiffs to identify precisely which company manufactured the drug infused in any particular plaintiff. Defendants, on the other hand, have relevant information and no doubt know to whom they sold their drugs.

In the event that the Court is inclined to permit defendant to make its motions, plaintiffs suggest that they be permitted to amend their complaints first, prior to the motions being filed. If, after receiving the amended complaints, defendant still believes it has a basis to move to dismiss, it can renew its request.

Respectfully,

Daniel A. Osborn

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of January, a copy of the foregoing correspondence was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: January 25, 2010          By: _____
                                       Philip J. Miller